Schnick v. State, 184 Wis. 661.

Schnick, Plaintiff in error, vs. The State, Defendant in error.

*September 20—October 14, 1924.*

*Intoxicating liquors: Violation of state prohibition law: Evidence: Sufficiency: Conduct of counsel: Control by court: Misconduct as reversible error.*

1. The evidence in this case is *held* sufficient to sustain a conviction for the possession of intoxicating liquors, destruction of the same to prevent a seizure, and the maintenance of a nuisance.  p. 663.
2. The conduct of attorneys on the trial of a case is largely within the discretion of the trial judge, and unless a party is prejudiced by the misconduct of the attorney the judgment will not be reversed for that reason.  p. 664.

. Error to review a judgment of the circuit court for La Crosse county: Chester A. Fowler, Judge.  *Affirmed.*

The judgment of the circuit court found the plaintiff in error guilty of violation of the prohibition act on three counts, to wit: (1) Possession of intoxicating liquor; (2) destruction of intoxicating liquor for the purpose of preventing officials from seizing the same; (3) maintaining a nuisance.

The plaintiff in error, hereafter called the defendant, operated a soft-drink parlor, so called, in the city of La Crosse, under license.  On the 26th of March, 1924, the prohibition officials entered the licensed place for. the pur-

pose of inspection in the course of their official duties. The defendant was standing at the cigar stand in the front of the room, and the first official to enter offered to shake hands with him. The defendant started to shake hands, but as he noticed a second official enter the doorway he suddenly turned and walked down behind the bar where beverages were served. One of the officials jumped the bar and endeavored to prevent any destruction of liquids, but the defendant caused a glass to be tipped over into a water pail. The water from this pail was taken and analyzed by chemists, and found to contain .52 per cent. of alcohol. One of the officers testified that he recognized the smell of "moonshine" on the glass that had been tipped over and on the sides of the pail.

The licensed place was a two-story building, but it was contended by the defendant that the upper story was not under his control. Other tenants had occupied the upper floor up to the 11th of March, but at that time they had moved out, one of them leaving some of his furniture in one of the rooms. The upstairs was reached from the outside by a door leading into a hallway and up a flight of stairs. It could also be reached from inside the parlor by a door leading into the hallway. This door was unlocked. The officers opened the door and found in the hallway two or three cases of "home brew" containing over four per cent. alcohol. On the trial defendant sought to have this evidence suppressed on the ground of illegal search and seizure, in that the officers had no search warrant. The court denied his motion, and the evidence was admitted.

The plaintiff was convicted on all three counts and sentenced pursuant to statute. From the judgment of the court defendant sued out a writ of error from this court.

*F. E. Withrow* of La Crosse, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Messerschmidt*.

CROWNHART, J.   It should be remembered that the defendant was running a place licensed for the sale of non-intoxicating beverages; that such a place is subject to inspection by state prohibition officials without a search warrant; that the search may extend not only to the immediate rooms in which the business is conducted, but also to adjoining rooms and premises under the control and occupancy of the proprietor; and that any interference with the officials in the performance of their duties is an offense under the law.   Keeping these principles in mind, the innocent proprietor will welcome the officials and assist them in their legitimate work.   Any attempt to obstruct such officials in the course of their duties will be looked upon with suspicion by courts and juries.

In this case the defendant's actions were confessedly such as to demand prompt measures on the part of the officials to prevent an apparent attempt on his part to cover up.   The evidence thus obtained by the officials, while not very decisive as to the quantum of alcohol found, under the circumstances must be held sufficient to sustain the verdict of the jury.   The liquor dumped in the pail became diluted. Its potency must have been quite sufficient before being mixed with the water.

The home brew found in the adjoining hallway was within easy reach of the defendant through an unlocked door. No one except the defendant appears to have had access thereto.   The evidence is persuasive that the hallway was under the control of the defendant.   It was therefore subject to search and seizure without a warrant.   The testimony of the officer that the defendant admitted ownership of the liquid, together with its location, was sufficient to take that question to the jury.

Complaint is made of the conduct of the district attorney in addressing the jury.   It does appear that the district attorney indulged in unseemly personalities, and he was chided by the trial court therefor, but the court also suggested that

the address of the defendant's attorney was somewhat responsible for the situation.   The conduct of attorneys on the trial of a case is largely within the discretion of the trial judge, and unless it appears that a party is prejudiced by misconduct on the part of the attorney this court will not reverse a judgment for that reason.   We find no reversible error in the address of the district attorney to the jury. *Baker v. State,* 69 Wis. 32, 40, 33 N. W. 52.

Other errors assigned were not urged upon the argument in this court nor in the brief of defendant's counsel.

*By the Court.*—The judgment and sentence of the circuit court are affirmed.